UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AIMEE RIZZO,

       Plaintiff,

v.                            CASE No. 8:09-CV-477-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

_____

## O R D E R

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[1] Because the decision of the Commissioner of Social Security fails to address adequately whether the plaintiff's absences from work due to periodic kidney stones precluded her from engaging in substantial gainful activity, the decision will be reversed and the matter remanded for further proceedings.

I.

The plaintiff, who was twenty-nine years old at the time of the most recent administrative hearing and who has an eleventh grade education,

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 12).

has worked as a secretary, waitress, pool cleaner, and salesperson (Tr. 126, 636). She filed claims for Social Security disability benefits and supplemental security income, alleging that she became disabled due to chronic kidney disease (Tr. 77, 89). The claims were denied initially and upon reconsideration.

The plaintiff requested a de novo hearing before an administrative law judge. The hearing was postponed to allow the plaintiff to obtain counsel (Tr. 630). Following the subsequent hearing, the law judge found that the plaintiff had severe impairments of chronic kidney disease and nephrocalcinosis (Tr. 16). He concluded that, with those impairments, the plaintiff could perform a full range of medium work (Tr. 17). Accordingly, the law judge determined that the plaintiff could return to her past relevant work as a sales clerk (Tr. 20). The law judge therefore decided that the plaintiff was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical

or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings."

Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff alleges that she became disabled in 2001 due to chronic kidney disease. The plaintiff suffers from nephrocalcinosis, a

condition which causes excessive calcium deposits in the kidneys and frequent passing of kidney stones (Tr. 638). The law judge found that the plaintiff had severe impairments of chronic kidney disease and nephrocalcinosis, but that she retained the ability to perform the full range of medium work. The plaintiff raises six issues in challenging the law judge's decision. The plaintiff has identified reversible error among those contentions.

The plaintiff's condition of nephrocalcinosis results in the frequent passing of kidney stones. When that occurs, the plaintiff can experience nausea, vomiting, intense pain, difficulty with urination, and infection (e.g., Tr. 276). The plaintiff testified that, as of 2005, her condition had worsened and she was having kidney stones two to three times a month (Tr. 638-39). If the stone becomes lodged, it must be surgically removed (Tr. 639). The plaintiff testified that, as a result, she is hospitalized every three to four months, staying an average of two to five days (id.). The record reflects at least five hospitalizations due to kidney problems in 1999, one in 2001, two in 2002, one in 2003, one in 2004, four in 2005, three in 2006, and one in 2007 (Tr. 134).

The evidence thus compels the finding that, when the plaintiff is passing a kidney stone, she is incapacitated. On the other hand, the evidence indicated that, when the plaintiff is not afflicted by that problem, she can perform her normal daily activities. The overriding issue therefore is the frequency and duration of the periods when the plaintiff is incapacitated by the passing of kidney stones. The law judge failed to evaluate that issue adequately.

The regulations specifically provide that allegations of pain are to be evaluated with respect to the "duration, frequency, and intensity of [the] pain." 20 C.F.R. 404.1529(c)(3)(ii), 416.929(c)(3)(ii). Moreover, substantial gainful activity contemplates employment on a regular basis. See 20 C.F.R. 404.1545(b), 416.945(b) (residual functional capacity for work on a regular and continuing basis). Therefore, an individual who is frequently absent from work due to periods of exacerbation of pain may be unable to engage in substantial gainful activity. Watson v. Barnhart, 288 F.3d 212, 217 (5th Cir. 2002); Dix v. Sullivan, 900 F.2d 135 (8th Cir. 1990). Consequently, when a claimant has an impairment that causes periods of exacerbation, findings regarding their duration, frequency and intensity are necessary in order to determine whether these periods would preclude work on a regular basis. See

<u>Wilcox</u> v. <u>Sullivan</u>, 917 F.2d 272, 277 (6th Cir. 1990)(in evaluating episodic disease, consideration should be given to, among other concerns, the frequency and duration of the exacerbations).

In this case, the law judge did not expressly acknowledge his responsibility to evaluate the frequency and duration of the plaintiff's periods of incapacitation. Moreover, all that he said about the issue was the following (Tr. 20):

> The claimant testified at the hearing that she passes a stone every 3 to 4 months and requires 2-3 days to recover. It is clear then that for much of the time, the claimant is capable of performing some work activity.

It is questionable whether these brief comments, even if accurate, are sufficient to provide a reasonable basis for concluding that the frequency and duration of the periods when the plaintiff is passing kidney stones would permit her to engage in substantial gainful activity. In fact, however, the law judge's statement about the plaintiff's testimony is not correct. The plaintiff testified that she was getting sick due to episodes of kidney stones every two to three weeks and that, as of 2005, it was happening two or three times a month (Tr. 638-39). She testified further that she has to go to the hospital

every three or four months, and her average stay is between two and five days (Tr. 639).

Thus, the plaintiff testified that she passed kidney stones about twice a month, and not just every three to four months as the law judge said. Furthermore, the law judge did not include in his cursory evaluation the testimony that the plaintiff's condition was so severe that every three to four months the plaintiff had to go to the hospital. In light of these deficiencies, the law judge's evaluation of the frequency and duration of the incapacitating periods due to kidney stones is clearly flawed and warrants reversal.

There is a further deficiency in the law judge's assessment of the plaintiff's kidney stone problem. A treating physician, Dr. Miguel B. Garcia, opined that the plaintiff "is a candidate for disability because of the severity of her disease" (Tr. 238). Dr. Garcia also responded to a Physical Residual Functional Report in which he opined that, due to the kidney stones, the plaintiff is likely to miss work more than four days per month (Tr. 336). The law judge did not even mention this latter opinion, much less evaluate it. This failure also supports reversal.

The Commissioner seeks to overcome the deficiencies in the law judge's evaluation of the frequency and duration of the plaintiff's periods of

incapacitation by pointing to the fact that the plaintiff worked thirty hours per week between November 2004 and July 2005 (Doc. 19, pp. 4-5). While that work may be an answer to the testimony that the plaintiff needs to urinate about thirty times between 7:00 A.M. and 7:00 P.M., it does not refute the plaintiff's claim that from some time in 2005, and thereafter, her periods of incapacitation due to the passing of kidney stones prevented her from engaging in substantial gainful activity.

Similarly, the claim is not defeated, contrary to the Commissioner's suggestion (Doc. 19, p. 5), merely because the plaintiff did not amend her alleged onset date to a time later than 2001. A claim is not lost simply because the disability onset date is determined to be later than alleged.

For these reasons, the law judge erred by failing to evaluate properly the frequency and duration of periods of incapacitation due to the passing of kidney stones. That error warrants reversal.

The plaintiff, as indicated, challenged the law judge's decision on a number of grounds. To the extent the challenges have merit, they are covered by the preceding discussion.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby REVERSED and the matter REMANDED for further consideration. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 12th day of January, 2010.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE